**MARZALL, Commissioner of Patents v. FOX.**

**FOX v. MARZALL, Commissioner of Patents.**

**Nos. 10222, 10223.**

United States Court of Appeals District of Columbia Circuit

Argued Jan. 3, 1950.

Decided Feb. 6, 1950.

Mr. E. L. Reynolds, Solicitor, United States Patent Office, Washington, D. C., with whom Mr. W. W. Cochran, former Solicitor, United States Patent Office, Washington, D. C., was on the brief, for the Commissioner of Patents.

Mr. William D. Hall, Washington, D. C., with whom Mr. Howard Nelson Moore, Washington, D. C., was on the brief, for Benjamin Fox.

Before WILBUR K. MILLER, PROCTOR and WASHINGTON, Circuit Judges.

## PER CURIAM.

This case involves the interpretation of R.S. § 480, which provides: "All officers and employees of the Patent Office shall be incapable, during the period for which they hold their appointments, to acquire or take, directly or indirectly, except by inheritance or bequest, any right or interest in any patent issued by the office." (35 U.S.C. § 4).

The question here presented is whether R. S. § 480 authorizes the Commissioner of Patents to strike from the files a patent application filed by a former employee of the Patent Office, after his resignation, where the idea for the invention was conceived during the employee's tenure of office, but where there is no suggestion that he has appropriated any materials available to him in the Patent Office.

The facts and the pertinent legal considerations are set forth in the opinion of the learned District Judge, reported in Fox v. Kingsland, D.C., 81 F.Supp. 433, 437, answering the stated question in the negative. We wish to quote, in particular, the following passages from that opinion:

"The prohibition in § 4 of Title 35 is specifically against an employe of the Patent Office 'during the period for which they hold their appointments' taking any 'right or interest in any *patent issued* by the office.' (Emphasis supplied.) The plaintiff has, by his creative ability, developed an interest in an invention—a conception of an invention—which, apart from the question as to his rights as an employe of the Patent Office, he might, if a private citizen, assign under § 44 of T. 35, or which under § 46 of T. 35, supra, would pass to his heirs at law. This interest, it appears, is clearly in an *invention* and not in a *patent*. The fact that the plaintiff drew up his application prior to his removal from the Patent Office payroll but did not then file it with the Patent Office does not change his interest from one in an invention to one in a patent. An executed but unfiled application is only evidence of conception. King v. Young, 100 F.2d 663, 670, 26 C.C. P.A., Patents, 762. * * *

"This Court is not unmindful of the potential danger involved in allowing Patent Office employes to resign and immediately thereafter to file an application for a patent. Whether there should be an express statutory restriction establishing the time which should elapse before ex-employes of the Patent Office may apply for patents is a question for Congressional consideration."

We affirm the judgment of the District Court, which required the Commissioner to restore plaintiff's application to the files, on the basis of the opinion of that Court.

Affirmed.